1  MICHAEL R. SIMMONDS (SBN 96238)
   msimmonds@snllp.com
2  CHRISTOPHER M. SPAIN (SBN 265465)
   cspain@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:   (415) 352-2625

6

7  Attorneys for defendant
   Cavalry Portfolio Services, LLC

8

9               UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                      SOUTHERN DIVISION

12

13  JONATHAN R. MAHLOW,           )  CASE NO.: 8:13-cv-0625-DOC-RNB
                                  )
14         Plaintiff,              )
                                  )  **ANSWER TO COMPLAINT**
15                                )
                                  )
16         vs.                    )
                                  )
17                                )
    CAVALRY PORTFOLIO             )
18  SERVICES, LLC,                )
                                  )
19                                )
           Defendant.             )
20  _____)
                                  )
21                                )

Defendant CAVALRY PORTFOLIO SERVICES, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff JONATHAN R. MAHLOW ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff alleges that this is an action for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("Rosenthal Act"). Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff alleges that this Court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), California Civil Code § 1788.30(f), and 28 U.S.C. § 1331. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff alleges that all conditions precedent have occurred or been performed. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. In answering Paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether the occurrences giving rise to this action occurred in Orange County, California or whether Plaintiff is a resident of Orange County, California, and therefore denies the allegation of Paragraph 4 of the Complaint.

5. In answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff alleges that venue is proper in the Central District of California, Southern Division, pursuant to 28 U.S.C. § 1391. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. In answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff is a resident of Orange County,

California, and therefore denies this allegation. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendant avers that the allegations in Paragraph 7 call for legal conclusions and thus no response is required. Defendant lacks sufficient knowledge or information to form a belief as to the truth of whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. In answering Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h), and on that basis, denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9. Admit.

10. In answering Paragraph 10 of the Complaint, Defendant avers that the allegation in Paragraph 10 calls for a legal conclusion and thus no response is required. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. In answering Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) or Cal. Civ. Code § 1788.2(c), and on that basis, denies the allegation. Except as herein admitted, the

remaining allegations of Paragraph 11 are denied.

12. In answering Paragraph 12 of the Complaint, Defendant avers that the allegation in Paragraph 12 calls for a legal conclusion and thus no response is required. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13. In answering Paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, denies them. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, denies them. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

15. Denied.

16. Denied.

17. In answering Paragraph 17 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and on that basis, denies them. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18. Denied.

19. Denied.

20. Defendant incorporates by reference paragraphs 1 through 19 above as if fully set forth herein.

21. In answering Paragraph 21 of the Complaint, Defendant avers that the text of the FCRA speaks for itself. Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22. In answering Paragraph 22 of the Complaint, Defendant avers that the text of the FCRA speaks for itself. Except as herein admitted, the remaining

1 allegations of Paragraph 22 are denied.

2     23.   In answering Paragraph 23 of the Complaint, Defendant lacks
3 knowledge or information sufficient to form a belief as to the truth of the
4 allegations contained in this paragraph, and on that basis, denies them. Except as
5 herein admitted, the remaining allegations of Paragraph 23 are denied.

6     24.   In answering Paragraph 24 of the Complaint, Defendant lacks
7 knowledge or information sufficient to form a belief as to the truth of the
8 allegations contained in this paragraph, and on that basis, denies them. Except as
9 herein admitted, the remaining allegations of Paragraph 24 are denied.

10     25.   Denied.
11     26.   Denied.
12     27.   Denied.
13     28.   Defendant incorporates by reference paragraphs 1 through 27 above as
14 if fully set forth herein.
15     29.   Denied.
16     30.   Denied.
17     31.   Defendant incorporates by reference paragraphs 1 through 30 above as
18 if fully set forth herein.
19     32.   Denied.
20     33.   Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

//

## SECOND AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the

financial obligation at issue.

### SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

### EIGHTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

### NINTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

### TENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of provisions of the FCRA, FDCPA, and Rosenthal Act must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

## TWELFTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff has not suffered any injury in fact as a result of Defendant's alleged conduct and therefore lacks standing to sue.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Materiality)

To the extent that any of the communications by Defendant are deemed to be false or misleading, which Defendant expressly denies, they were not materially false or misleading and therefore are not actionable under the FDCPA or the Rosenthal Act.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendant recover from Plaintiff costs according to proof.
3. That Defendant recover attorneys' fees according to proof.
4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

//

1 | DATED: August 23, 2013

SIMMONDS & NARITA LLP
MICHAEL R. SIMMONDS
CHRISTOPHER M. SPAIN


By:   s/Christopher M. Spain
      Christopher M. Spain
      Attorneys for defendant
      Cavalry Portfolio Services, LLC

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

**1)**     **ANSWER TO COMPLAINT**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**
Jonathon R. Mahlow
14162 Holt Ave.
Santa Ana, CA 92705

*Plaintiff in Pro Per*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 23rd day of August, 2013.

                                        s/Christopher M. Spain
                                        Christopher M. Spain